UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LARRY ALLEN HENSLEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:07CV00389(ERW) |
|  | ) |  |
| THOMAS L. RAY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Larry Allen Hensley (registration no. 15974 ), an inmate at the St. Francois County Jail ("Jail"), for leave to commence this action without payment of the required filing fee [Doc. #2]. Also before the Court is Hensley's motion to be moved to a new jail facility [Doc. #4]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $.063. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full

1

amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  See 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of applicant's account statement indicates an average monthly deposit of $3.13, and an average monthly account balance of $0.  Applicant has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $0.63, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 ( 2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff seeks damages and injunctive relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Thomas L. Ray, Associate Circuit Judge, Twenty-Fourth Judicial Circuit (St. Francois County) for the State of Missouri; Denis Smith, Jail Administrator; and Hardy

3

White, Head Jailer.  Plaintiff alleges that he was sentenced to one year in the Jail for verbal assault.  Plaintiff claims that the underlying criminal charge, his conviction, and his sentence were retaliatory because plaintiff was implicated as a witness in a lawsuit brought against the Jail by another prisoner.  Plaintiff also alleges that he is being denied medical treatment for his "disabilitys (physical) + mental [sic]."

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's claims concerning his underlying criminal charge, his conviction, and his sentence are barred by Heck v. Humphrey, 512 U.S. 477 (1994), which holds that to recover damages for unlawful conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an appropriate state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.

Plaintiff's claims against defendant Ray are also barred by judicial immunity.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Dykes v. Hosemann, 776 F.2d 942, 945 – 50 (8th Cir. 1985) (holding that judge enjoys judicial immunity from § 1983 liability where actions are taken in judicial capacity in case over which judge has subject matter jurisdiction).

4

Plaintiff's claim that he is being denied medical care should also be dismissed. First, plaintiff has not alleged that he suffers from a serious medical condition and that the defendants have been deliberately indifferent to this condition. See Estelle v. Gamble, 429 U.S. 97, 104, 106 (1976) (to establish an Eighth Amendment violation based on inadequate medical treatment, a prisoner must allege acts or omissions that reveal deliberate indifference to serious medical needs). Second, plaintiff has not alleged that the named defendants were personally and directly responsible for denying him medical care. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $0.63 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to be moved to another jail facility [Doc. #4] is **DENIED**.

An appropriate order shall accompany this order and memorandum.

So Ordered this 16th Day of July, 2007.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**